UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 18-2125

YUNSONG ZHAO,

Plaintiff - Appellant,

v.

VIRGINIA POLYTECHNIC INSTITUTE AND STATE UNIVERSITY, a/k/a Virginia Tech; ROHSAAN SETTLE; DAVID CLUBB,

Defendants - Appellees,

and

JAMES C. MCCLAIN; BRIAN WILSON,

Defendants.

Appeal from the United States District Court for the Western District of Virginia, at Roanoke.  Michael F. Urbanski, Chief District Judge.  (7:18-cv-00189-MFU)

Submitted:  April 18, 2019                    Decided:  May 20, 2019

Before THACKER, HARRIS, and RICHARDSON, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Mario B. Williams, NEXUS DERECHOS HUMANOS ATTORNEYS, INC., Atlanta, Georgia, for Appellant.  Mark R. Herring, Attorney General, Cynthia V. Bailey, Deputy

Attorney General, Carrie S. Nee, Senior Assistant Attorney General, Toby J. Heytens, Solicitor General, Matthew R. McGuire, Principal Deputy Solicitor General, Michelle S. Kallen, Deputy Solicitor General, Brittany M. Jones, John Marshall Fellow, OFFICE OF THE ATTORNEY GENERAL OF VIRGINIA, Richmond, Virginia; Kay Heidbreder, University Legal Counsel, M. Hudson McClanahan, Associate University Legal Counsel, VIRGINIA POLYTECHNIC INSTITUTE & STATE UNIVERSITY, Blacksburg, Virginia, for Appellees.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Yunsong Zhao, a native and citizen of the People's Republic of China, filed an action pursuant to 42 U.S.C. § 1983 (2012) alleging violations of his constitutional rights stemming from his expulsion from Virginia Polytechnic Institute and State University (Virginia Tech). Zhao appeals the district court's order denying his third motion for a preliminary injunction, in which he sought to have Virginia Tech reissue his Form I-20 so that he can regain his F-1 student visa and be released from the custody of Immigration and Customs Enforcement (ICE).[*] Upon review, we conclude that the appeal is moot.

"The mootness doctrine is a limitation on federal judicial power grounded in the 'case-or-controversy' requirement of Article III of the U.S. Constitution." *United States v. Springer*, 715 F.3d 535, 540 (4th Cir. 2013); *see* U.S. Const. art. III, § 2, cl. 1. "Mootness is a jurisdictional question and thus may be raised sua sponte by a federal court at any stage of proceedings." *Springer*, 715 F.3d at 540. This court loses jurisdiction over any portion of an appeal that becomes moot. *Incumaa v. Ozmint*, 507 F.3d 281, 285-86 (4th Cir. 2007). "If an event occurs while a case is pending on appeal that makes it impossible for the court to grant any effectual relief whatever to a prevailing party, the appeal must be dismissed . . . ." *Id.* at 286 (alteration and internal quotation

---

[*] An F-1 visa permits a non-citizen to enter the United States to attend an acredited university as a full-time student. To obtain an F-1 visa, the prospective student must present a SEVIS Form 1-20 issued in his or her name by an approved school for attendance by F-1 foreign students. *See* 8 C.F.R. § 214.2(f)(1)(i) (2018). SEVIS is the Student and Exchange Visitor Information System, a web-based system for maintaining information on international nonimmigrant students and exchange visitors in the United States that is administered by the Department of Homeland Security.

3

marks omitted). "[A] case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the out-come." *Id*. (internal quotation marks omitted).

Our review discloses that Zhao has been released from ICE custody and has voluntarily returned to China, where he now resides. Further, while a portion of the instant case remains pending in the district court, Zhao's request for a preliminary injunction has been rendered moot by the district court's subsequent rejection of his SEVIS claims on the merits. Accordingly, because it is impossible for this court to grant any effectual relief to Zhao, we dismiss his appeal as moot. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*